WILSON and others vs. THE TRUSTEES OF THE VILLAGE OF OMRO.

*March 29 — April 19, 1881.*

*Village Charter.*

Under the charter of the village of Omro, its board of trustees are authorized to employ attorneys-at-law to prosecute cases arising under sec. 1550, R. S. (viz., cases of the sale of spirituous liquors without license), and to pay for the services of such attorneys out of the village funds.

APPEAL from the Circuit Court for *Winnebago* County. Plaintiffs appealed from part of an order. The case is stated in the opinion.

For the appellants there was a brief by *Jackson & Thompson*, and oral argument by *Mr. Jackson*.

For the respondents there was a brief signed by *E. R. Hicks*, as attorney, with *Waring & Ryan*, of counsel, and a separate brief by *Geo. D. Waring*, of counsel, and oral argument by *Mr. Hicks*.

ORTON, J. The complaint charges, in substance, that the authorities of the village of Omro have employed certain attorneys to prosecute certain cases for selling liquor without license in said village, and for other certain misdemeanors, and to defend certain prosecutions for perjury growing out of the same, and paid, and promised to pay, them certain fees and compensation for their services in such cases; and it prays for an injunction against such acts. On this complaint an injunction was granted as broad as the prayer. The answer, although not a specific denial of every fact of the complaint, is substantially a general denial of all of the facts of the complaint with the exception of the employment of such attorneys to prosecute for selling liquor without license in said village, and the promise and intention to pay for their services in such cases. On the complaint and answer, and on motion of the defendants, the injunction was dissolved "so far as it relates

to professional services of attorneys, and sustained as to the residue."

The grounds of such dissolution are not stated by the court, but it is assumed by the learned counsel of the respondents, and we think correctly, that that part of the injunction relating to the employment and payment of attorneys in all other cases mentioned in the complaint, except for the prosecution of cases arising under section 1550, R. S., was dissolved because all of the facts of the complaint relating to the same are denied by the answer, and that that part of the injunction relating to the latter cases was dissolved because the city authorities had the right to employ and pay their attorneys in such cases. The denial of all the acts and threatened acts of the defendants, and of all the equities relating to the same, by answer under oath, where there is no other showing, is good ground for dissolving the injunction relating thereto. This is the rule, we understand, in all cases, and sanctioned by numerous cases in this court, many of which are cited by the learned counsel of the respondents, and is not controverted by the learned counsel of the appellants. It might be difficult to say what part of the original injunction is not dissolved, but with that we have nothing to do in this case. This appeal is from that part of the order dissolving certain specified parts of the injunction above specified; so that the only question remaining to be considered is the right of the plaintiffs to retain that part of the injunction against the employment and payment of attorneys to prosecute cases in the village of Omro arising under said section, which question involves the right of the authorities of said village to employ attorneys in such cases and pay them for their services out of the municipal fund of the village.

Aside from the general police authority of all cities and villages to take necessary measures to secure and protect the good order and peace of society within the same, and aside from the peculiar interest of villages and towns in the ques-

tion of licensing the sale of spirituous liquors therein, and in securing the execution of both the civil and criminal laws relating thereto, we are of the opinion that the charter of this particular village authorizes the employment of attorneys-at-law to prosecute such cases. Section 13, ch. 394, P. & L. Laws of 1871, provides: " It shall be the duty of the president to see that all by-laws and *ordinances* passed·under and by virtue of this chapter are observed, and that *all misdemeanors committed* in said village are *prosecuted*, and to prosecute all suits for and defend all suits brought against said village." It is contended that, because the violations of ordinances are made nominally misdemeanors by the charter, this language blends violations of ordinances with misdemeanors, and makes them the same. But both duties are specifically enjoined and made distinct — *first*, to see that " all ordinances are observed; " and *secondly*, " to prosecute all misdemeanors." If the first duty embraces the second, then the second duty need not have been mentioned or enjoined. Sec. 42 provides: " In all prosecutions for any misdemeanor in the said village, . . . where an attorney-at-law shall have appeared for the prosecution, . . . and the trustees of the said village are authorized to employ an attorney for said village to prosecute all cases, both civil and criminal, before a justice's court," etc. It is certainly unnecessary to argue further that the charter expressly authorizes the employment of attorneys by the village to prosecute these cases; and, if authorized to employ, it is liable to pay them for their services.

That it is the duty of the district attorney to attend to such prosecutions for offenses under the general criminal law of the land, certainly does not render these provisions void; for they do not supersede his services in such cases, or affect his constitutional right. He is not required to appear before a justice of the peace in such cases, except when notified by the justice (section 1552, R. S.); and it does not appear that he was so notified to prosecute these cases. Both the right and

the duty of the proper authorities of the village of Omro to employ attorneys in these cases, and to pay them out of the municipal fund for their services, appear to us perfectly clear under these provisions of the charter, and that the injunction against such employment and payment was properly dissolved.

*By the Court.*— That part of the order of the circuit court appealed from is affirmed, and the cause remitted for further proceedings according to law.